■ MAE JENKINS, Individually and as Executrix and Trustee of ROBERT JENKINS, Deceased, Respondent, v. IRVEN J. BROD, Individually and as President and Director of the UNITED BOAT SERVICE CORPORATION, et al., Appellants. — Order entered March 4, 1966, granting plaintiff's motion pursuant to CPLR 3102 (subd. [c]) to take the oral deposition of defendant Irven Jack Brod for the purpose of preparing a complaint, unanimously reversed, on the law and the facts, without costs or disbursements, and the motion denied, without prejudice to renewal thereof after completion of the below-mentioned examination of books and records. Plaintiff's present papers make an insufficient showing of the existence of a cause of action to warrant taking the deposition of defendant Brod (see *Matter of Fili* v. *Fili*, 27 A D 2d 908, and cases cited). Said defendant, however, by the last paragraph of his affidavit sworn to February 18, 1966, has consented to an examination of various books and records which may conceivably demonstrate a need for his deposition; and he does not oppose a renewal of plaintiff's motion after the completion of such examination. The procedures for the examination consistent with such consent are to be set forth in the order to be entered hereon. Settle order on notice. Concur — Botein, P. J., Stevens, McNally, McGivern and Witmer, JJ.

■ THOMOSA OCASIO, as Administratrix of the Estate of AUSBERTO OCASIO, Deceased, et al., Respondents, v. LESTER R. RUNDLE et al., Appellants. — Order entered on December 22, 1966, unanimously reversed, in the exercise of discretion, with $30 costs and disbursements to the appellants, and the motion to change the venue of the action from New York County to Sullivan County granted. "The general rule is that a transitory action, such as this, other things being equal, should be tried in the county in which the cause of action arose. [cases cited]." (*Slavin* v. *Whispell*, 5 A D 2d 296, 297–298.) This accident occurred in Sullivan County and no facts are presented which warrant a deviation from the general rule as expressed by McNally, J., in the case cited. Concur — Botein, P. J., Stevens, McNally, McGivern and Witmer, JJ.